IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| KERBY STRACCO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 1:25-cv-127 PTG/IDD |
| v. | : | |
| | : | |
| REBEKAH KOEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT FRIENDSHIP PLACE'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Defendant, Friendship Place, by and through undersigned counsel, respectfully submits this Reply to the Plaintiff's Opposition to Friendship Place's Motion to Dismiss and states as follows:

**I.     The Court should prohibit the Plaintiff from attempting to amend her Complaint through her March 7, 2025 Motions.**

On March 7, 2025, the Plaintiff filed a slew of motions in this case, including a Motion for Declaratory Judgment "affirming that this case raises a substantial federal question involving the Fair Housing Act (42 U.S.C. §3601 et seq.), the Americans with Disabilities Act (42 U.S.C. §12101 et seq.), and the Rehabilitation Act (29 U.S.C. §794)."[1] However, the Plaintiff filed her Complaint on January 23, 2025, where she used the U.S. District Court's "Complaint for a Civil Case" form as her Complaint. In her Complaint, the Plaintiff listed discrimination, denial of accommodations, and personal injury as this Court's basis for federal question jurisdiction. Nowhere in her Complaint did the Plaintiff alleged that this Court had jurisdiction pursuant to

---

[1] *See Plaintiff's Motion for Declaratory Judgement, Certification of a Precedential Question, and Damages, Page 1.*

her claims under the Fair Housing Act ("FHA"), ADA ("Americans with Disabilities Act"), Rehabilitation Act or any federal statutes for that matter. Further, on January 28, 2025, the Plaintiff filed an Amended Complaint to add an additional defendant to this case, raise her demand for damages, and include additional evidence. Nowhere in her Amended Complaint does she state that her claims arise under the FHA, ADA, or Rehabilitation Act. It is only now in the slew of motions filed on March 7, 2025 that she cites these federal statutes. However, the Plaintiff's motions cannot serve as a tool for her to amend her Complaint as it would require defendant's written consent or leave of this court pursuant to Fed. R. Civ. P. 15 (a)(2). The Plaintiff did neither before attempting to amend her complaint through her March 7 motions.

## II. The Plaintiff's newly raised allegations failed to state a claim upon which relief can be granted.

Nevertheless, even if the Court allows the Plaintiff's attempt to amend her Complaint and Amended Complaint through her March 7 motions, the Plaintiff cannot prevail under the FHA, ADA, and Rehabilitation Act. In her Opposition to Friendship Place's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Plaintiff asserted that that this Court had federal question jurisdiction because the "Plaintiff's Complaint Explicitly Invokes Federal Law."[2] The Plaintiff alleged in her Opposition, despite not doing so in her Complaint or Amended Complaint, that her claims arise under the Federal Housing Act (FHA), Americans with Disabilities Act (ADA), and the Rehabilitation Act. Despite listing these federal statutes, the Plaintiff failed to allege sufficient facts to demonstrate that the federal statutes provide her any relief.

---

[2] *See Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Page 3*

### A. Neither the FHA, the ADA or the Rehabilitation Act provide relief to the Plaintiff.

While a *pro se* plaintiff is afforded some latitude in the construction of his or her pleading, courts have held that "[t]he requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990)." *Reaves v. Bethea*, No. 4:24-6974-JD-TER, 2024 U.S. Dist. LEXIS 238528, at *2 (D.S.C. Dec. 11, 2024). In the present case, the Plaintiff plainly failed to meet even the less stringent requirements afforded to *pro se* plaintiffs.

"[T]he FHA makes it unlawful to "make unavailable or deny . . . a dwelling to any buyer or renter because of a handicap," 42 U.S.C. § 3604(f)(1), or to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of a handicap." 42 U.S.C. § 3604(f)(2). A handicap is "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h)." *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 639 (4th Cir. 2016).

Friendship Place did not sell, rent, or otherwise make unavailable or deny any dwelling to the Plaintiff. Friendship Place is 501(c)(3) non-profit organization based in Washington, D.C., dedicated to providing support and services to veterans experiencing or at risk of homelessness. As a grantee of the U.S. Department of Veterans Affairs (VA) Supportive Services for Veteran Families (SSVF) program, Friendship Place offers rapid rehousing assistance, including case management and Temporary Financial Assistance (TFA) to eligible households. Therefore, Friendship Place does not fall within the parameters of the FHA which states that it shall be unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate

for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C.S. § 3604 (a).

Even if Friendship Place is subject to the FHA, to state a claim under the FHA, the Plaintiff must demonstrate that she was denied housing *because of* her disability. 42 U.S.C. § 3604(f)(1). Here, the Plaintiff alleged that Friendship Place denied her rental assistance because it improperly included her service-related pay as income which disqualified her from receiving rental assistance. To qualify for SSVF benefits, a household must include a veteran, be considered low-income (with an annual income not exceeding 80% of the area median income), and be experiencing or at risk of homelessness. Rental assistance, a type of TFA, is available for households with an annual income above 30% of the area median income and is limited to a maximum of six months within a one-year period. The calculation of annual income for SSFV eligibility includes Veteran Benefits Administration Service Connection & Non-Service Connection benefits, although recent guidance excludes VA service-connected disability benefits from this calculation for eligibility purposes.

The Plaintiff initially sought rental assistance on or about October 2024. Her household was initially deemed ineligible due to an income calculation that included her service-connected disability benefits, which exceeded 80% of the DC Metro Area's median income. Following updated guidance from the SSVF Program Office, which excluded VA disability income from eligibility calculations, the Plaintiff's household was enrolled in the program on November 25, 2024. She received rental assistance and other TFA for stable housing, as well as additional support from private funding for expenses not covered by TFA. Despite this, her TFA rental assistance was set to end in March 2025, after receiving TFA rental assistance for three months of back rent and for January, February, and March rent, as her household income, including

service-connected disability benefits, was above 30% of the area median income. Nevertheless, the Plaintiff is requesting continued rental assistance despite not meeting the requirements for such assistance. As a result, the Plaintiff filed this present suit and others against Friendship Place. In sum, the basis for the Plaintiff's argument is that she was denied rental assistance because of her income not because of her disability as required by the FHA.

Further, in her Opposition, the Plaintiff alleged that Friendship Place "refused to accommodate her disabilities"[3] and denied her request for continued rental assistance for a "wheelchair-accessible unit for her disabled husband and five children."[4] The Plaintiff also refers to herself as a "disabled veteran."[5] As a result, it appears that the Plaintiff is making a failure to provide reasonable accommodation against Friendship Place.

"The FHA […] requires an accommodation for persons with handicaps if the accommodation is (1) reasonable and (2) necessary (3) to afford handicapped persons equal opportunity to use and enjoy housing. *See* 42 U.S.C. § 3604(f)(3)." *Bryant Woods Inn v. Howard Cty.*, 124 F.3d 597, 603 (4th Cir. 1997). As stated above, Friendship Place provides financial assistance to veterans at risk of becoming homeless. It does not, itself, maintain property that is the subject of FHA or Americans with Disabilities Act requirements. Further, Friendship Place has no role in selecting Plaintiff's current residence.

Lastly, the Plaintiff stated that her Complaint raised claims under the Rehabilitation Act. The Rehabilitation Act prohibits that an individual "solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. § 794. As

---

[3] *Id* at Page 1.
[4] *Id.*
[5] *Id.*

argued above, the Plaintiff bases her claim of denial of rental assistance on her service-related income and not her disability. The Plaintiff alleged that she contacted Friendship Place for emergency housing assistance but was denied assistance because Friendship Place "improperly classified her service-connected disability pay as disqualifying income." The crux of the Plaintiff's grievance is the initial denial of rental assistance by Friendship *because of* her income level. The Plaintiff does not allege that she was denied assistance solely because of her disability as required by the Rehabilitation Act.

> B. *Friendship Place's argument that this Court should abstain from exercising its jurisdiction over this matter under the Colorado River Doctrine is now moot.*

Friendship Place argued in its Memorandum and Points of Authorities in Support of the Motion to Dismiss, this Court should follow the *Colorado River Doctrine* and abstain from exercising jurisdiction in this case because the Plaintiff alleged the same facts against the same defendant in two parallel lawsuits—one in the U.S. District Court for the Eastern District of Virginia and the other in the D.C. Superior Court. However, on March 12, 2025, the Plaintiff filed a voluntary dismissal without prejudice of her case in the D.C. Superior Court which was granted. As such, the *Colorado River Doctrine* no longer applies.

WHEREFORE, Defendant Friendship Place respectfully requests that its Motion to Dismiss be granted, that the Court dismiss the Plaintiff's Complaint and lodged Amended Complaint without prejudice and grant such other relied as the Court deems just.

Respectfully submitted,

FRIENDSHIP PLACE

By Counsel

    */s/ Ashley R. Archange*
Ashley R. Archange, VSB# 99802
David B. Stratton, of counsel, VSB #90415
JORDAN COYNE LLP
10201 Fairfax Boulevard, Suite 520
Fairfax, Virginia 22030
a.archange@jocs-law.com
d.stratton@jocs-law.com
Telephone: 703-246-0900
Facsimile: 703-591-3673

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was filed and served through the Court's CM/ECF system and via email, this 13th day of March, 2025, to:

    Kerby Stracco, *Plaintiff*
    1460 N. Highview Lane
    Alexandria Virginia 22311
    kerby.stracco@gmail.com

    */s/ Ashley R. Archange*
    Ashley R. Archange