IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| KERBY STRACCO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.:  1:25-cv-127 PTG/IDD |
| v. | : | |
| | : | |
| REBEKAH KOEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT FRIENDSHIP PLACE'S OPPOSITION TO EMERGENCY MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, CONSOLIDATED STAY AND JUDICIAL INTERVENTION**

COMES NOW Defendant, Friendship Place, by and through undersigned counsel, respectfully submits this Opposition to the Plaintiff's Emergency Motion for Preliminary Injunctive Relief, Consolidated Stay, and Judicial Intervention and states as follows:

The Plaintiff's motion alleged several violations of the Americans with Disabilities Act ("ADA"), Fair Housing Act ("FHA"), Rehabilitation Act as well as constitutional violations. However, the Plaintiff makes several claims in her motion not only against Friendship Place, but also against Town Square at Mark Center, Bozzuto Management Company, Reading Ave Owner, LLC (collectively "Bozzuto defendants") and U.S. District Court Judge Patricia T. Giles, U.S. Magistrate Judge Ivan D. Davis, and U.S. District Court for the Eastern District of Virginia clerks.

The Plaintiff appears to attempt to unilaterally consolidate her pending cases Eastern District of Virginia, and determined that the cases are stayed because she filed a petition for Writ

of Mandamus with the U.S. Court of Appeals for the Fourth Circuit. However, the cases have not been consolidated and there is no final judgment entered in the case against Friendship Place. Therefore, Friendship Place will continue to file motions and oppositions in the present case.

Although it is unclear what claims the Plaintiff is precisely alleging against which defendant, concerning Friendship Place, it appears that the Plaintiff is making claims of Fifth Amendment Due Process violations, ADA, FHA and the Rehabilitation Act violations, as well as a violation of Fed. R. Civ. P. 26 for failure to file initial disclosures.

> A. *The Plaintiff's claims of Fifth Amendment violations against Friendship Place are unfounded because Friendship Place is not a government actor.*

In her motion, the Plaintiff seemingly alleged that Friendship Place violated her Fifth Amendment Due Process rights because it denied her notice and hearing prior to exiting her from its program. See ECF #69 at 12. However, the Due Process Clause of the U.S. Constitution does not apply to Friendship Place. "The Fifth Amendment's guarantee that no person shall 'be deprived of life, liberty, or property, without due process of law,' U.S. Const. Amend. V, has long been interpreted to 'apply to and restrict only the Federal Government and not private persons.'" *Watkins v. Educ. Credit Mgmt. Corp.*, Civil Action No. 2:10cv540, 2011 U.S. Dist. LEXIS 55328, at *24 (E.D. Va. May 12, 2011) (quoting *Pub. Utils. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461, 72 S. Ct. 813, 96 L. Ed. 1068 (1952)). The Plaintiff's argument of Fifth Amendment violation fails because Friendship Place is a 501 (c)(3) charitable organization with a recognizable charitable purpose. Friendship Place's mission is to empower people who are experiencing or at risk of homelessness to attain stable housing and rebuild their lives. It has limited contact with the federal government because it receives grants from the U.S. Department of Veterans Affairs as a Supportive Services for Veteran Families (SSVF) grantee. Friendship Place, however, is not a government actor simply because it receives federal funding.

    B. *Friendship Place did not violate the American with Disabilities Act, Fair Housing Act or the Rehabilitation Act.*

The Plaintiff asserted in multiple of her motions, including ECF#69, that Friendship Place violated the ADA, the FHA and the Rehabilitation Act. However, as demonstrated in Friendship Place's Reply to the Plaintiff's Opposition to the Motion to Dismiss (ECF #37) Section II-A, the Plaintiff's claims are unfounded because the ADA and FHA do not apply to Friendship Place, and she was not denied services because of her disability as required by the Rehabilitation Act.

    C. *Friendship Place complied with Federal Rules of Civil Procedure 26(a).*

Pursuant to Fed. R. Civ. P. 26(a), Friendship Place made its initial disclosures to the Plaintiff on April 15, 2025. It disclosed the names of individuals who it believes has knowledge of the facts of this case and may help support its case, evidence it will use to support its case as well as its applicable insurance policy. On April 18, 2025, in accordance with Friendship Place's continuing duty to make its initial disclosure, Friendship Place supplemented it disclosure with another insurance policy. Friendship Place has made its initial disclosures in good faith and in compliance with Fed. R. Civ. P. 26(a). However, as of the date of this filing, the Plaintiff has not made any initial disclosures.

WHEREFORE, Defendant Friendship Place respectfully requests that the Court deny the Plaintiff's Emergency Motion for Preliminary Injunctive Relief, Consolidated Stay, and Judicial Intervention, deny imposing sanctions under Federal Rules of Civil Procedure 37, and grant such other relief as the Court deems just.

        Respectfully submitted,

        FRIENDSHIP PLACE

        By Counsel

        */s/ Ashley R. Archange*
        Ashley R. Archange, VSB# 99802
        David B. Stratton, of counsel, VSB #90415
        JORDAN COYNE LLP
        10201 Fairfax Boulevard, Suite 520
        Fairfax, Virginia 22030
        a.archange@jocs-law.com
        d.stratton@jocs-law.com
        Telephone: 703-246-0900
        Facsimile: 703-591-3673

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was filed and served through the Court's CM/ECF system and via email, this 14th day of May, 2025, to:

        Kerby Stracco, *Plaintiff*
        1460 N. Highview Lane
        Alexandria Virginia 22311
        kerby.stracco@gmail.com

        */s/ Ashley R. Archange*
        Ashley R. Archange